# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 21, 1905.

EDWARD J. CHAISTY, JR.,
VS.
BYRON R. SHEFFIELD ET AL.

*Lester L. Stevens* for plaintiff.

*R. B. Tippett & Bro., Charles F. Harley* and *John P. O'Ferrall* for defendants.

DENNIS, J.—

This bill is filed by the owner of the reversion in certain property, the buildings upon which have been condemned by the Inspector of Public Buildings and torn down, to recover arrears of ground rent. The defendants are the distributees of the original lessee. As to them it is not disputed that a decree should go against them, by reason of the personal covenant to pay the ground rent on the part of the said lessee from whom they claim. The

only serious discussion is as to the liability of the defendant Horner, who at one time was a holder of the leasehold interest under a mortgage executed to him to secure a certain loan. It is admitted in the case that Horner was paid off his loan, and executed a release to his mortgagor; but no such release appears upon the record, nor is it alleged that the plaintiff, or those under whom he claims had any knowledge of such release or such payment. Horner still appears upon the records as the owner of the leasehold interest under the mortgage, and the sole question is whether he is liable for these arrears of ground rent, by reason of his still appearing upon the records as the assignee of the leasehold interest under his mortgage.

I think he is.

It is elementary law in this State that a covenant to pay rent, such as is usual in our long leases, is a covenant running with the land, and is binding upon all the assignees of the leasehold interest so long as they hold that interest. I think it is equally well settled that, under our registry system all third parties have a right to rely upon what the land records disclose; they are bound by such records, of which they are conclusively presumed to have notice; and likewise they are entitled to rely upon them for the protection of their own interests, except in those exceptional cases where actual notice introduces a new principle of equity.

If this is so, Horner is responsible for these arrears of ground rent, as he appears upon the records as still owner of the leasehold under his mortgage.

The argument of the learned counsel for the defense, based upon the provision in the mortgage that "upon payment of the mortgage debt, the mortgage should be void," and the decisions of our courts that upon such payment no release is necessary, but the legal title reverts by operation of law to the mortgagor, does not, in my opinion, have any application to this case. As between *mortgagor and mortgagee*, and those claiming under them, that rule undoubtedly applies: but as against *third* parties, who had no relation to that transaction and no notice, they are entitled to rely with a sense of security upon what the public records disclose.

I will decree accordingly.